IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN JOHN MARK,

    Petitioner,

v.                                                                         Civ. No. 16-454 RJ/SCY

GERMAN FRANCO,
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Justin John Mark's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed November 9, 2016. Doc. 12. The Honorable Robert A. Junell, Senior United States District Judge, referred this matter to me for entry of proposing findings and a recommended disposition. Doc. 4.

Having reviewed the parties' submissions, the record, and the relevant law, I find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. In February 2017, Petitioner filed a notice with the Court asking to delete his unexhausted claim. *See* Docs. 21-22. I recommend construing Petitioner's notice as a motion seeking to dismiss his unexhausted claim and granting this motion so that Petitioner may proceed with his exhausted claims. In addition, because Respondents did not respond to the substance of Petitioner's exhausted claims in their answer, I further recommend directing Respondents to file a supplemental answer and to supplement the state court record. Lastly, I recommend that the Court give Petitioner an opportunity to reply to the supplemental answer.

## I. Background

On November 9, 2012, a jury convicted Petitioner Justin John Mark of first degree murder, second degree armed robbery, conspiracy to commit armed robbery, and tampering with evidence. Doc. 17-1, Ex. A. Petitioner's convictions arose from a May 29, 2011 incident at the home of Kevin Lossiah that resulted in Mr. Lossiah's death. Petitioner was sentenced to a term of life imprisonment plus three years. *Id.*

On January 16, 2013, Petitioner appealed his convictions to the New Mexico Supreme Court.[1] Doc. 17-1, Ex. B. He raised five issues in his direct appeal, arguing that (1) his Sixth Amendment right to confrontation was violated by the introduction of expert testimony from a pathologist who did not perform Mr. Lossiah's autopsy; (2) evidence seized from Petitioner should have been suppressed; (3) there was insufficient evidence to support his convictions; (4) the trial court improperly instructed the jury as to the first degree murder charge; and (5) these errors, taken together, constituted cumulative error. *See* Doc. 17-1, Ex. E. On April 13, 2015, the New Mexico Supreme Court entered a decision affirming Petitioner's convictions. Doc. 17-2, Ex. H; *see also* Doc. 17-2, Ex. I (Mandate issued May 11, 2015).

On July 8, 2015, Petitioner moved for reconsideration of his sentence on the basis that he "was intoxicat[ed] at the time of the crime" and that he is "mentally impotent." Doc. 17-2, Ex. J. The state district court denied Petitioner's motion. Doc. 17-2, Ex. K. On July 22, 2015, Petitioner filed a pro se petition for writ of habeas corpus in state district court. Doc. 17-2, Ex. L. In his habeas petition, Petitioner argued that there was insufficient evidence to support his convictions, that the district court erred by not granting his directed verdict motion, that toxicology testing

---

[1] Under New Mexico law, criminal defendants are required to appeal a district court judgment that results in life imprisonment directly to the New Mexico Supreme Court. *See* N.M. Const. art. VI, § 2; Rule 12-102(A)(1) NMRA.

should have been performed, and that certain evidence should have been suppressed. *Id*. He further claimed that his trial counsel was ineffective for: 1) failing to raise the issue of Petitioner's alleged mental incompetence, 2) failing to "do more investigation", 3) not requesting a mistrial, 4) failing to object to the introduction of the autopsy photographs, and 5) not allowing Petitioner to testify on his own behalf at trial. *See id*. On September 23, 2015, the state district court summarily dismissed the habeas petition on its merits. Doc. 17-2, Ex. N.

On October 9, 2015, Petitioner filed a petition for certiorari review. Doc. 17-3, Ex. O. Petitioner again asserted that there was insufficient evidence to support his convictions and that his trial counsel was ineffective for failing to raise the issue of Petitioner's alleged mental incompetence. *Id*. He further claimed that he was intoxicated and high at the time of his arrest and that his statements to the police were involuntarily given. *Id*. The New Mexico Supreme Court denied the petition by order on March 10, 2016. Doc. 17-3, Ex. P.

Petitioner filed the instant petition under § 2254 on May 18, 2016. Doc. 1. The Court ordered Petitioner to amend his petition to cure deficiencies in his initial filing, which he did on November 9, 2016. Doc. 12. Respondents answered on January 11, 2017 (Doc. 17) and the Court granted Petitioner leave to reply to the answer (Docs. 20-22). On February 17, 2017, Petitioner filed a notice asking to delete one of his claims.[2] Doc. 21.

## II. Petitioner's Claims

Petitioner raises the following grounds for relief in his amended petition:

1. His trial counsel was ineffective for failing to investigate Petitioner's alleged mental incompetence.

---

[2] Petitioner submitted this notice twice, once on February 17, 2017 and again on February 24, 2017. *See* Docs. 21-22.

2. Although listed under his ineffective assistance of counsel claim, Petitioner also argues that it was error that "the doctor that testified was not the doctor that performed the autopsy."

3. His trial counsel erred by refusing to introduce "evidence showing that I [Petitioner] was innocent."

*See* Doc. 12 at 5-7.

In their answer, Respondents argue that Petitioner has not exhausted Claim 3. *See* Doc. 17 at 6. Petitioner subsequently filed a notice seeking to delete this claim and proceed with his remaining claims. *See* Docs. 21-22.

## III. The Exhaustion Requirement

A federal court cannot grant a petition for habeas corpus under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[3] 28 U.S.C. § 2254(b)(1)(A). "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and quotation marks omitted). A federal issue is exhausted if it "has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted).

---

[3] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

4

In order to properly exhaust state remedies as required by 28 U.S.C. § 2254, a petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Demarest*, 130 F.3d at 932 (citation and quotation marks omitted). Because the purpose of the exhaustion requirement is to "give the state courts one full opportunity to resolve any constitutional issues," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the petition must alert state courts "to the fact that the prisoner is asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)) (internal brackets omitted). The petitioner need not "cite 'book and verse on the federal constitution,'" *Berg v. Foster*, 244 F. App'x 239, 244 (10th Cir. 2007) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)), but "[t]he federal quality of the rights asserted [must be] sufficiently discernable to fairly apprise the [state] [c]ourt of the federal nature of [petitioner's] claims." *Bowser v. Boggs*, 20 F.3d 1060, 1063 (10th Cir. 1994). A petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

Respondents contend, and I agree, that Petitioner's claim that his trial counsel erred by failing to introduce evidence of his actual innocence (Claim 3) remains unexhausted.[4] Petitioner did not raise this argument in his state court pleadings. Petitioner appears to concede that Claim 3 is unexhausted based on his February 2017 notice seeking to delete this "unexhausted sub-claim." Docs. 21-22.

## IV. Treatment of a Mixed Petition

---

[4] The evidence of actual innocence Petitioner sets forth in Claim 3 is: "My co-defendant pointed out the weapon that was used in the murder. I was just trying to break the fight up. I didn't hit the guy that died." Doc. 12 at 7.

Because Petitioner's § 2254 petition contains both exhausted and unexhausted claims, it is a "mixed petition." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). This Court has four options when presented with a mixed petition:

> (1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . .

*Fairchild v. Workman,* 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

As noted earlier, Petitioner has already filed a notice affirmatively seeking to delete his unexhausted claim. In light of this notice, I do not engage in an analysis of the above set forth options. For reasons of equity and judicial efficiency, I instead recommend that the Court construe Petitioner's notice as a motion seeking to dismiss the unexhausted claim (Claim 3). I further recommend granting the motion and dismissing Claim 3, thereby allowing Petitioner to proceed with his exhausted claims.

**V.  Petitioner's Exhausted Claims**

The next step in this case is to consider the substantive merits of Petitioner's exhausted claims. In their answer, Respondents did not address the substance of these claims beyond summarily denying that Petitioner has demonstrated a violation of federal law and stating that any error that might have been committed was harmless. *See* Doc. 17 at 4, ¶¶ 12-13.

I therefore recommend that the Court direct Respondents to file a supplemental answer addressing the merits of Petitioner's exhausted claims. I also recommend that the Court order Respondents to file the state court record. Lastly, I recommend that Petitioner be given an opportunity to reply to Respondents' supplemental answer.

## VI. Recommendations

1. I recommend dismissing Petitioner's unexhausted claim (Claim 3) based on Petitioner's voluntary dismissal of this claim;

2. I recommend directing Respondents to file a supplemental answer addressing Petitioner's exhausted claims within (30) days from the date that the Court adopts the PFRD, should the Court do so;

3. I recommend that the Court order Respondents to submit the state court record at the time they file the supplemental answer;

4. I recommend that Petitioner be given thirty (30) days to reply to Respondents' supplemental answer.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**