UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN JOHN MARK,

    Petitioner,

v.                                                                        NO. 16-CV-454 JAP/SY

DAVID FAJARDO, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

**ORDER OVERRULING PETITIONER'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On January 25, 2019, Petitioner Justin John Mark filed OBJECTIONS (Doc. 45) to the Magistrate Judge's PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. 44) (PFRD) entered on January 16, 2019. On January 31, 2019, Petitioner filed two supplements and one letter to his objections.[1] After de novo review, the Court will overrule the Objections and adopt the PFRD.

**I.    BACKGROUND**

A jury convicted Petitioner of first-degree murder for the death of Kevin Lossiah and of one count of tampering with evidence. At the sentencing hearing, three of the victim's relatives testified, and Petitioner's sister testified. Resp't. Suppl. (Doc. 28-5), Tr. at pp. 55-57. Petitioner's

---

[1] *See* Supplement (Doc. 46); Supplement (Doc. 47); Letter (Doc. 48). Hereinafter, the Objections, the Supplements and the Letter will be referred to jointly as "Objections."

attorney argued that when sentencing, the state court should consider Petitioner's alcoholism and his difficult childhood as mitigating factors. *Id*. at 57. After stating that it had considered the presentence report and the testimony, the state court sentenced Petitioner to 30 years (life) for the first offense and for the second offense, a consecutive sentence of 3 years. Resp't App. (Doc. 17-1), Ex. A at 1.

Petitioner pursued a direct appeal, which the New Mexico Supreme Court denied. On July 1, 2015, Petitioner filed a Motion for Reconsideration of his Sentence. In that motion, for the first time, Petitioner raised his mental abilities. Petitioner stated that he was "mentally impotent; I get pay from social security disability income." Resp't App. (Doc 17-2), Ex. J. at 33. On July 8, 2015, the state district court denied this Motion, stating that the Motion was untimely. *Id.,* Ex. K at 35. On July 22, 2015, Petitioner filed a state habeas petition. *Id.,* Ex. L. at 36. As grounds, Petitioner stated, (1) sufficiency of the evidence, (2) ineffective assistance of counsel, and (3) suppression of evidence.

As provided in NM Rule 5-802, the Post-Conviction Habeas Unit Law Office of the Public Defender examined the state petition. The public defender determined that the state petition did not state a claim and recommended that the state court dismiss it. *Id.* at 55. On September 23, 2015, the state court dismissed the petition. *Id*., Ex. N. at 88.

On November 9, 2016, Petitioner filed a federal habeas petition asserting three claims: 1) a violation of his Confrontation Clause rights when a forensic pathologist who did not conduct the autopsy of his victim testified about the victim's death; 2) a violation of his right to effective assistance of counsel when his attorney did not investigate Petitioner's competence or comply with Petitioner's instructions; and 3) a violation of his liberty rights based on his actual innocence. On June 26, 2017, Magistrate Judge Yarbrough entered proposed findings that

Petitioner's claim of actual innocence had not been exhausted and recommending that the Court permit Petitioner to dismiss the unexhausted claim and proceed on the exhausted ones. Proposed Findings and Recommended Disposition (Doc. 24) (PFRD I). Petitioner submitted a letter to the Court stating that he wished to drop his unexhausted claim. Letter (Doc. 22). On August 3, 2017, United States District Court Judge Junell adopted Magistrate Judge Yarbrough's PFRD I. Order (Doc. 26).

On January 1, 2019, Magistrate Judge Yarbrough entered a second PFRD. (Doc. 44) The PFRD recommends that the Court find that the Petitioner is not entitled to habeas relief. Petitioner filed the Objections. *See* (Doc. 45), (Doc 46), (Doc 47) (Doc. 48). In his Objections, Petitioner restates his Confrontation Clause claim and his ineffective assistance of counsel at trial claim and adds a new claim of ineffective assistance of counsel at sentencing.

## II. STANDARD OF REVIEW

When a party files written objections to a magistrate judge's proposed findings and recommendations, the district court must conduct de novo review "of those portions . . . to which objection is made." 28 U.S.C. § § 636(b)(1)(C). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Griego v. Padilla (In re Griego),* 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted). However, the district court is not required to make any specific findings. *Id*.

## III. ANALYSIS

In the PFRD, Magistrate Judge Yarbrough found that Petitioner raised two properly exhausted claims: (1) Petitioner's trial counsel was ineffective for failing to investigate Petitioner's alleged mental incompetence; and (2) it was error that the doctor that testified at Petitioner's trial was not the doctor that performed the autopsy of his victim. Magistrate Judge

3

Yarbrough found that trial counsel was not ineffective because the state record does not support Petitioner's claimed mental incompetency and that the failure of the autopsy doctor to testify did not violate the Confrontation Clause because the autopsy report was not introduced into evidence.

Most of Petitioner's Objections repeat the arguments considered and rejected by Magistrate Judge Yarbrough. *See* Objections (Doc.45) at 3-4 (Petitioner is mentally incompetent because he is receiving disability payments from the government); *Id*. at 5 (urging review of new evidence not present in the state court record); *Id.* at 8 (discussing Petitioner's need for mental health counseling, and that he is slow thinking and has difficulty speaking); *Id.* at 10 (raising claims that have been dismissed as unexhausted); (Doc. 46) at 1 (discussing Petitioner's need for regular medications); *Id.* at 3 (discussing Petitioner's history of drug abuse); (Doc. 48) at 3, 10 (discussing Petitioner's learning disability). As Magistrate Judge Yarbrough explained in the PFRD, "Petitioner's history of mental illness, speech and learning disabilities, and receipt of disability benefits does not equate to mental incompetency at the time of his trial." PFRD (Doc 44) at 8; *see Lafferty v. Cook*, 949 F.2d 1546, 1561 (10th Cir. 1991) ("Not all people who have a mental problem are rendered by it legally incompetent."); *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995) ("Petitioner's history of mental problems, low intelligence, psychotropic medication, and substance abuse do not establish that he was incompetent to plea."). Therefore, failing to raise this issue at trial did not render trial counsel's performance deficient. In addition, the Court finds implicit in Magistrate Judge Yarbrough's PFRD a determination that Petitioner was sane, and not incompetent or insane at the time Petitioner killed Mr. Lossiah.

Although Petitioner has attempted to bring new evidence of his mental competency to these federal proceedings, a federal court cannot review evidence that was not in the state court

4

record. Habeas review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

Finally, Petitioner asserts a new claim based on ineffective assistance of counsel at sentencing. However, Petitioner did not adequately raise this claim in his federal Petition.[2] To a question in the Petition asking for supporting facts of Petitioner's ineffective assistance of counsel claim, Petitioner responds that "he could not assist in his own defense due to his incompetence." Petition (Doc. 12) at p. 5. The answer referencing Petitioner's "defense" indicates that Petitioner's claim centers on his counsel's effectiveness at trial. Nowhere in the Petition does Petitioner offer any supporting facts regarding competency at sentencing nor does he claim ineffective assistance specifically based on events that occurred at sentencing. At this stage of the proceedings, it is inappropriate to advance a new argument. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Arguments made for the first time in an objection to a magistrate judge's recommendation are deemed waived. *Id.*

IT IS ORDERED THAT:

1. Petitioner's Objections (Doc. 45, 46, 47) are OVERRULED;
2. Magistrate Judge Yarbrough's PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (DOC. 44) is ADOPTED.

A Final Judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court observes that because state law mandates a minimum sentence of life for a capital crime, which is what Petitioner received for his first-degree murder conviction, it is doubtful whether a claim of ineffective assistance of counsel at sentencing for that charge would be successful. *See State v. Franklin*, 413 P.3d 86211 (N.M. 2018). Petitioner also received a three-year sentence for tampering with evidence, which does not appear to be subject to a mandatory minimum sentence. The record supplies no evidence that a state court has addressed whether Petitioner received ineffective assistance at sentencing. Even if this claim were properly before the Court, it would constitute an unexhausted state claim, presenting yet another mixed petition.

5